UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SHELIA PAUL, individually and as the surviving and personal representative of JOE PAUL, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:04-CV-492 (Jordan/Guyton) |
| ELITE CARRIER, INC., *et al.*, | ) ) | |
| Defendants. | ) ) ) | |
| and | ) ) | |
| BENNY McNEALY, as Son and Personal Representative of the Estate of JETTA BLANKENSHIP, deceased, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:05-CV-53 |
| ELITE CARRIER, INC., *et al.*, | ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 26] of the Honorable Leon Jordan, Senior United States District Judge, for disposition of Plaintiff Shelia Paul's Motion to Compel [Doc. 25].

The plaintiff Shelia Paul, individually and as the surviving spouse and personal representative of Joe Paul, deceased, moves the Court to enter an Order compelling the defendant Elite Carrier, Inc. ("Elite Carrier") to answer the plaintiff's First Set of Interrogatories and Requests for Production of Documents, which were served upon Elite Carrier's counsel on January 27, 2005. [Doc. 25].

Counsel for Elite Carrier, attorney Deborah Stevens, has filed a response, along with her sworn affidavit, stating that, after initially having telephone contact with persons who represented themselves to be the owners and/or management officials of Elite Carrier in order to obtain information to provide initial disclosures and an answer to the complaint, she has been unable, despite good faith efforts, to contact or obtain information from any representative of Elite Carrier. Attorney Stevens states that she has been advised by the defendant Devinder Shergill that Elite Carrier went into bankruptcy and became a defunct company or otherwise ceased doing business after the accident which is the subject of this lawsuit. Based upon these facts, attorney Stevens advised counsel for the plaintiff that she could not represent that Elite Carrier would respond to the plaintiff's discovery any time in the near future. [Doc. 28].

For good cause shown, Plaintiff's Motion to Compel Discovery [Doc. 21] is **GRANTED**. Counsel for the defendant is **DIRECTED** to continue her good faith efforts to locate her client, and if the defendant Elite Carrier is in bankruptcy, to so advise plaintiff's counsel of the filing information so that the plaintiff may consider filing a claim in the bankruptcy. The defendant Elite Carrier, Inc. is hereby **DIRECTED** to respond to the plaintiff's Interrogatories and Requests for Production of Documents within twenty (20) days of the entry of this Order.

The defendant Elite Carrier, Inc. is hereby put on notice that failure to cooperate in discovery and to follow the Orders of this Court may result in monetary sanctions against it and possibly the entry of a default judgment against it.  See Fed. R. Civ. P. 37(b)(2)(C).

**IT IS SO ORDERED.**

**ENTER:**

s/ H. Bruce Guyton
United States Magistrate Judge